IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


SENECA LOYAL NEAL,                                  Case No. 3:11-cv-0824-MO

             Petitioner,

     v.                                             OPINION AND ORDER

JEFFREY THOMAS, Warden,

             Respondent.


        SENECA LOYAL NEAL,
        36074-086
        Federal Correctional Institution
        P.O. Box 5000
        Sheridan, OR  97378

             *Pro Se* Petitioner


        S. AMANDA MARSHALL
        United States Attorney
        RONALD K. SILVER
        Assistant United States Attorney
        1000 SW Third Avenue, Suite 600
        Portland, OR  97204-2902

             Attorneys for Respondent


1 - OPINION AND ORDER

Mosman, District Judge.

Petitioner, an inmate at the Federal Correctional Institution, Sheridan, Oregon ("FCI Sheridan"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  The petition is liberally construed to be a challenge to the Bureau of Prisons' ("BOP") regulation codified at 28 C.F.R. § 550.55(b)(4)(vii)(2009), categorically disqualifying inmates with certain prior convictions for sexual abuse of a minor from the early release incentive associated with the Residential Drug Abuse Treatment Program ("RDAP").  Petitioner asks the Court to find the 2009 regulation invalid under the Administrative Procedures Act ("APA"), and to order the BOP to designate him eligible for early release since his disqualifying prior conviction was a non-violent offense.  For the reasons that follow, the Court finds that 28 C.F.R. § 550.55(b)(4)(vii)(2009) is valid under the APA, and the Petition for Writ of Habeas Corpus (#2) is denied.

## **BACKGROUND**

I.    Statutory Background.

In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for

eligible prisoners.   The program the BOP created to satisfy this mandate is the Residential Drug Abuse Program ("RDAP").

In 1994, Congress enacted the Violent Crime Control Law Enforcement Act of 1994 ("VCCLEA"), which amended 18 U.S.C. § 3621 to include a discretionary early release incentive for inmates convicted of non-violent offenses who successfully completed RDAP. 18 U.S.C. § 3621(e)(2).[1]  Beginning in 1995, exercising its broad discretion under the statute, the BOP promulgated a series of implementing regulations and internal agency guidelines for administering the early release incentive under 3621(e)(2).  The regulations and guidelines exclude certain categories of inmates from early release eligibility.  *See* 28 C.F.R. §§ 550.55(b) (2009).  The substantive and procedural validity of these categorical exclusions have been challenged in court repeatedly.   The substantive validity of the regulations, that is, the BOP's authority under the statute to exclude categories of inmates from early release eligibility is well established.  *See Lopez v. Davis*, 531 U.S. 230 (2001)(the categorical exclusion of certain inmates

---

[1]Section 3621(e)(2)specifies in relevant part:
(A)  Generally.  Any prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the [BOP] under such conditions as the Bureau deems appropriate. *****
(B) Period of Custody.  The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve."

from early release eligibility was a proper exercise of the BOP's discretion under the statute); *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000) (same, upholding 28 C.F.R. § 550.58(a)(1)(vi)(B));[2] *Jacks v. Crabtree*, 114 F.3d 983 (9th Cir. 1997) (BOP has discretion under the statute to issue regulations categorically denying early release).    The procedural validity of the current regulations, however, continues to be challenged.[3]

Section 553 of the APA outlines notice and comment requirements for issuing agency regulations.[4]   Section 706(2)(A) specifies a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."   The Ninth Circuit has invalidated several versions of the BOP regulations implementing the early release incentive under either § 553 or § 706(2)(A) of the APA.   *See Paulsen v. Daniels*, 413 F.3d 999, 1005 (9th Cir. 2005) (1997 interim rule invalid because BOP violated notice and comment requirements of the APA);

---

[2]28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) was re-codified as 28 C.F.R. § 550.55(b)(5)(ii)(2009).

[3]In *Lopez*, the Supreme Court did not address the procedural validity of the categorical exclusions under the APA.   531 U.S. at 244 n.6.

[4]Under the APA, agencies issuing rules must: (1) publish notice of the proposed rule-making in the Federal Register; (2) provide a period of comment on the proposed rule and consider comments submitted during the period before adopting the rule; and (3) publish the adopted rule not less than thirty days before its effective date.   5 U.S.C. § 553(b)-(d).

*Arrington v. Daniels*, 516 F.3d 1106, 1113 (9th Cir. 2008) (invalidating 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) under § 706(2)(A), finding first rationale identified by the district court as a basis for categorical exclusion was "entirely absent from the administrative record" and second rationale was insufficient); *Crickon v. Thomas*, 579 F.3d 978, 985-87 (9th Cir. 2009) (invalidating 28 C.F.R. § 550.58(a)(1)(iv), finding BOP failed to articulate in the administrative record the rationale underlying its decision to adopt a categorical exclusion of inmates with specific prior convictions, citing *Arrington*)[5].

As a result of court decisions invalidating early release regulations on procedural grounds, the BOP issued new rules governing early release eligibility, effective March 16, 2009.[6] In doing so, the BOP again relied on the discretion of the Director under the governing statute, as recognized in *Lopez,* to exclude certain categories of inmates from early release eligibility.

II. <u>Factual Background</u>

On May 10, 2010, Petitioner was sentenced on a plea of guilty to Drug Conspiracy in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and (C) to 41 months imprisonment to be followed by three years of

---

[5] 28 C.F.R. § 550.58(a)(1)(iv)(2000) was re-codified as 28 C.F.R. § 550.55(b)(4)(iii)(2009).

[6] In one action, the 2009 Rule finalized three proposed rules, issued in 2000, 2004, and 2006. 74 FR 1892-01, 2009 WL 76657 (January 14, 2009.) The 2009 rules are applicable to all inmates applying to RDAP after March 16, 2009.

supervised release.    (#12, Attach. 3.)    On August 17, 2010,
Petitioner was interviewed for RDAP by FCI Sheridan staff and found
to be eligible.    (#11, at 5.)    An Offense Review to determine
whether Petitioner was eligible for the early release incentive
under 18 U.S.C. § 3621(e) was conducted at the BOP Designation and
Sentence Computation Center ("DSCC") in Texas.    The offense review
established Petitioner was ineligible for the incentive based on a
prior state conviction for sexual abuse of a minor.    (#12, Attach

5.)    The Offense Review form specified:

> The inmate's prior felony or misdemeanor adult conviction
> history includes a precluding offense listed in 28 C.F.R.
> §§ 550.55(b), as follows:
>
>> (7) an offense that by its nature or conduct
>> involves sexual abuse offenses committed upon
>> minors[.]
>
> Alaska ST 11.41.436; DOO 6-22-1995; - The elements of the
> Alaska statute match elements of 18 U.S.C. § 2243.
> Therefore, this conviction is precluding pursuant to 28
> C.F.R. § 550.55(b)(4)(vii).
>
> Although the inmate is currently located in a 9th Circuit
> institution, the Crickon case does not apply since he
> requested to participate in RDAP on or after 3/16/09, the
> effective date of the new regulations cited above.

(*Id.*, at 2.)    In determining that the elements for conviction under
Alaska Stat. § 11.41.436 were similar to the elements for
conviction under 18 U.S.C. § 2243 and precluding, DSCC staff
compared the language of the state and federal statutes and
reviewed Petitioner's Pre-sentence Investigation Report ("PSR"),
which detailed the conduct leading to his conviction for Sexual

Abuse of a Minor in the 2nd Degree in violation of Alaska Stat. § 11.41.436.  (#12, at 6-7.)

Petitioner's *pro se* petition is liberally construed as challenging the validity of 28 C.F.R. § 550.55(b)(4)(vii), relying on the argument in *Crickon* that the BOP regulations are arbitrary and capricious.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (courts construe *pro se* pleadings liberally); *Porter v. Ollison*, 620 F.3d 952 (9th Cir. 2010)(same).

## DISCUSSION

In *Lopez v. Davis,* the Supreme Court held the BOP has discretion under 18 U.S.C. § 3621 to promulgate regulations to narrow the class of prisoners eligible for early release, and that it was reasonable for the BOP to do so.  531 U.S. at 244; *see also Arrington*, 516 F. 3d at 1115 (BOP has discretion under 18 U.S.C. § 3621 to create categorical exclusions, citing *Bowen*, 202 F.3d 1211); *Crickon*, 579 F.3d at 981 (same, citing *Jacks*, 114 F.3d 983). Thus, the issue in this proceeding is not whether the BOP has the authority under the governing statute to promulgate such categorical exclusions, nor whether the exclusions are consistent with the statute.  Rather, the issue is whether the exclusion codified at 28 C.F.R. § 550.55(b)(4)(vii) is procedurally invalid under § 706(2)(A) of the APA because it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The government argues: (1) the court does not have jurisdiction to review the Petitioner's individualized eligibility determination; and (2) the ineligibility determination was made pursuant to valid regulations. (#11, at 8-9.) I. <u>Jurisdiction</u>

The Court has jurisdiction to review claims alleging BOP action is contrary to established federal law, violates the U.S. Constitution, or exceeds the statutory authority Congress vested in the agency. *Staacke v. United States Secretary of Labor*, 841 F.2d 278, 281 (9th Cir. 1988). To obtain judicial review under the APA, petitioners must challenge a final agency action. See 5 U.S.C. § 704; *Or. Natural Desert Ass'n v. United States Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006). Agency action "includes the whole or a part of an agency rule." 5 U.S.C. § 551 (13). There is no question the 2009 rule at issue here constitutes final agency action and can be challenged under the APA. *See generally Abbott Laboratories v. Gardner*, 387 U.S. 136, 150-51 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977)(APA provides for review of regulations as final agency action). Thus, the Court has jurisdiction to review Petitioner's claim alleging the rule disqualifying inmates from early release eligibility based on a past conviction for sexual abuse of a minor is procedurally invalid under the APA. The Court does not, however, have jurisdiction to review Petitioner's individualized eligibility determination. *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011).

II.  Judicial Review Under Section 706(2)(A) of the APA

    Under § 706(2)(A) of the APA, a "reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins*. Co., 463 U.S. 29, 43 (1983); *Arrington*, 516 F.3d at 1112 (scope of review standard is narrow and deferential); *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006).  Agency action is presumed to be valid if a reasonable basis exists for the agency decision.  *Sacora v. Thomas*, 628 F.3d 1059, 1068 (9th Cir. 2010) (citing *Crickon*, 579 F.3d at 982).  The court, however, may not supply a basis for the agency's action that the agency itself does not provide.  *Mora-Meraz v. Thomas*, 601 F.3d 933, 941 (2010).  In *Arrington*, the Ninth Circuit specified:

> [a] reasonable basis exists where the agency considered the relevant factors and articulated a rational connection between the facts found and the choices made. Although we may uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned, we may not infer an agency's reasoning from mere silence.

516 F.3d at 1112 (citations omitted) (internal quotation marks omitted).  "However, even when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be

discerned." *Mora-Meraz*, 601 F.3d at 941 (quoting *Crickon*, 579 F.3d at 982.)  In *Sacora*, the Ninth Circuit found it was reasonable for the BOP "to rely on its experience, even without having quantified it in the form of a study."  628 F.3d at 1069 (citing *State Farm*, 463 U.S. at 43 ("Normally, an agency rule would be arbitrary and capricious if the agency ... offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view *or the product of agency expertise*)(emphasis added))); *see also Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S.D.A.*, 415 F.3d 1078, 1093 (9th Cir. 2005).  The court rejected the argument that BOP policies pertaining to inmate placement in residential re-entry centers were arbitrary and capricious because they were promulgated without empirical support and without a sufficiently articulated rationale.  *Id*. at 1068-69.

III. Analysis

In promulgating 28 C.F.R. § 550.55(b)(4)(i-vii)(2009), the BOP specified:

> Title 18 U.S.C.3621(e) provides the Director of the [BOP] the discretion to grant an early release of up to one year upon the successful completion of a residential drug abuse treatment program. The regulation [550.55(b)(4)(i-vii)] provides that an inmate who has a prior misdemeanor or felony conviction for homicide, forcible rape, robbery, aggravated assault, arson, kidnaping, or child sexual abuse will not be eligible for early release.

> In exercising the Director's statutory discretion, we considered the crimes of homicide, forcible rape, robbery, aggravated assault, arson, and kidnaping, as identified in the FBI's [UCR], which is a collective

effort of city, county, state, tribal, and federal law enforcement agencies to present a nationwide view on crime. The definitions of these terms were developed for the National Incident-Based Reporting System and are identified in the UCR due to their inherently violent nature and particular dangerousness to the public.

The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a prior felony or misdemeanor conviction for these offenses because commission of such offenses rationally reflects the view that such inmates displayed readiness to endanger the public.

*Likewise, we also deny early release eligibility to inmates who have a prior felony or misdemeanor conviction for an offense that involves sexual abuse committed against minors. Like the offenses identified in the UCR, sexual abuse offenses committed against minors exhibit a particular dangerousness to the public and often entail violent or threatening elements that resonate with victims and the community as a whole. Because of this, the Director has chosen to use his discretion to exclude offenders of these offenses from early release consideration.*

*The Director's rationale was mirrored by the enactment of the Adam Walsh Child Protection and Safety Act of 2006 (Walsh Act). The Walsh Act specifically expanded the definition of "sex offense" to include 'a criminal offense that is a specified offense against a minor" and to include all offense by 'child predators.' Public Law 109-248, section 111, 120 Stat. 587, 591-92 (2006). The Walsh Act also expanded the national Sex Offender Registry by integrating the information in state sex offender registry systems to ensure that law enforcement has access to the same information across the United States. Section 113, 120 Stat. at 593-94; see also 2006 U.S.C.C.A.N. S35, S36. This evidences the intent of Congress to encompass any offense relating to minors that have involves sexual conduct, and to limit public exposure, including early release opportunities, to inmates found to have these types of offenses in their backgrounds. We therefore deny early release eligibility to such inmates in conformance with Congressional intent and recognition of the seriousness of such offenses.*

74 Fed.Reg. 1892-01, *1894, 2009 WL 76657 (emphasis added).  The administrative record reveals that in exercising its discretion the BOP took into consideration public safety and Congress's clear intent to treat sexual offenses against children as having particular dangerousness and seriousness, as reflected in the enactment of the Walsh Act.  The Court finds it is reasonable and, therefore, neither arbitrary nor capricious for the BOP to rely on these factors as a basis for denying early release eligibility to inmates who have a prior felony or misdemeanor conviction for an offense that involves sexual abuse committed against minors.

Because the scope of review under the "arbitrary and capricious" standard is narrow; because the basis for the BOP's decision is "reasonably discerned," from the administrative record, and because a court is not to substitute its judgment for that of the agency, the Court finds 28 C.F.R. § 550.55(b)(4)(vii)(2009) valid under § 706(2)(A) of the APA.  Moreover, the Court finds the holding in *Crickon* does not apply in this case because new regulations were promulgated before Petitioner applied for RDAP.

<u>**CONCLUSION**</u>

Based on the foregoing, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this proceeding dismissed with prejudice.

IT IS SO ORDERED.

DATED this  30th  day of March, 2012.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge